IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL F. SCHULZE, FED. REG. #99700-022,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>　　　　　Defendant.<br>_____ | CIV. NO. 20-00188 DKW-WRP<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Before the court is pro se Plaintiff Michael F. Schulze's prisoner civil rights Complaint brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Schulze alleges that Defendant Federal Bureau of Prisons ("BOP") violated his constitutional rights under the Fifth and Eighth Amendments by transferring him to the Federal Detention Center, Honolulu ("FDC-Honolulu") from the minimum security work camp where he had been housed.

For the following reasons, Schulze's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), with leave granted to amend on or before July 1, 2020.

## I. **STATUTORY SCREENING**

The court must conduct a pre-Answer screening of all pleadings brought by a prisoner to the federal courts, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[1]

Schulze claims that the BOP is "deliberately depriving him of the minimal civilized measure of life's necessities, i.e., access to outdoor exercise, by housing him in a segregated unit of an administrative pretrial detention facility, which does not provide prisoners access to outdoor exercise in violation of the Eighth Amendment." Compl., ECF No. 1 at #1. He alleges that his transfer to FDC-Honolulu violated "his procedural and substantive rights under the Fifth Amendment," because he was previously housed in a minimum security prison camp and is now confined in a "segregated housing unit of an administrative pretrial detention facility, not for disciplinary, health, or security reasons, but for an illegitimate reason." *Id.* Schulze seeks declaratory relief that his detention at

---

[1] On screening, Schulze's allegations are accepted as true and construed in the light most favorable to him. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

FDC-Honolulu is incompatible with the Eighth Amendment," and a ruling that BOP may not house sentenced inmates like himself there.  Compl., ECF No. 1 at #2.  He seeks injunctive relief in the form of a "furlough transfer[2] to a facility "compatible with the Eighth Amendment and commensurate with his custody classification."  *Id.*

### III. DISCUSSION

*Bivens* recognized for the first time an implied cause of action for damages against federal actors in their individual capacity for violating a plaintiff's civil rights that is analogous to a suit brought against state actors under 42 U.S.C. § 1983.  *See Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018).  To state a *Bivens* claim for damages, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor.  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

### A.     Improper Defendant

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

---

[2]Apparently, a "furlough transfer" is when a minimum security inmate is allowed to travel to a federal prison camp largely unsupervised.  *See* Schulze Dec., ECF No. 1-1 at #3.

own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Schulze must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and describe personal acts by an individual defendant that shows a direct causal connection to a violation of specific constitutional rights, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Schulze cannot state a colorable *Bivens* claim against the BOP because *Bivens* provides a cause of action against *individual* officers acting under color of federal law who are alleged to have acted unconstitutionally. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001); *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016). Accordingly, Schulze's claims against the BOP are DISMISSED with prejudice. Schulze is granted leave to amend to name the individual BOP official or officials who are allegedly liable for the claimed violation of his civil rights.

**B.     Declaratory and Injunctive Relief are Unavailable**

Schulze seeks declarative and injunctive relief only, requiring the BOP to "furlough transfer" him from FDC-Honolulu to a facility that provides appropriate outdoor exercise and is suitable for a minimum security inmate like himself. Injunctive or declaratory relief, however, is unavailable under *Bivens* where the equitable relief sought requires official government action. *Solida*, 820 F.3d at

1093-94.  *Bivens* is both inappropriate and unnecessary for claims seeking equitable relief against actions by the federal government because, by definition, *Bivens* suits are individual capacity suits for damages and cannot be used to enjoin official government action.  *Id.* at 1094-95.  Schulze seeks significant official government action changing BOP policies to prohibit sentenced inmates from being housed at FDC-Honolulu for significant time periods, and requiring inmates to be housed according to their security classifications, regardless of other BOP institutional concerns.  Schulze's claims for injunctive and declaratory relief are DISMISSED with prejudice.

**C.**     ***Bivens* after *Ziglar v. Abbasi***

In *Ziglar v. Abbasi*, the Supreme Court clarified that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity."  137 S. Ct. 1843, 1857 (2017) (citing *Iqbal*, 556 U.S. at 675); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 742-43 (2020) ("We have stated that expansion of *Bivens* is 'a disfavored judicial activity,' and have gone so far as to observe that if 'the Court's three *Bivens* cases [had] been . . . decided today,' it is doubtful that we would have reached the same result[.]" (quoting *Abbasi*, 137 S. Ct. at 1856-57) (internal citations and quotation marks omitted) (alterations in original)).

*Abbasi* sets forth a two-step test to determine whether a *Bivens* claim should proceed.  *Id.* at 1857.  First, a court must consider whether the claim at issue extends *Bivens* in a new context from previously established *Bivens* cases.  If so, the court must determine whether there are "special factors counseling hesitation" in expanding *Bivens* to that new context.  *Id.* at 1857, 1859-60.  The Supreme Court instructs that "separation-of-powers principles are or should be central to the analysis.  The question is 'who should decide' whether to provide for a damages remedy, Congress or the courts?  The answer most often will be Congress."  *Id.* at 1857 (internal citation omitted).  "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed."  *Id.* at 1857-58.

The Supreme Court has approved only three *Bivens* claims in the past: "a claim against FBI agents for handcuffing a man in his own home without a warrant;[3] a claim against a Congressman for firing his female secretary;[4] and a claim against prison officials for failure to treat an inmate's asthma."[5]  *Abbasi*, 137

---

[3]*Bivens*, 403 U.S. at 389 (discussing Fourth Amendment).

[4]*Davis v. Passman*, 442 U.S. 228, 243-44 (1979) (discussing Fifth Amendment).

[5]*Carlson v. Green*, 446 U.S. 14, 20-23 (1980) (discussing Eighth Amendment).

S. Ct. at 1860. Beyond these cases, the Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Malesko*, 534 U.S. at 68; *accord Abbasi*, 137 S. Ct. at 1857.

### 1. *Fifth Amendment Claim*

The Supreme Court has never recognized a *Bivens* remedy relating to the alleged failure of prison officials to provide a prisoner due process, as Schulze presses here. As discussed in *Abbasi*, "the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Abbasi*, 137 S. Ct. at 1865; *see also Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (holding that courts should refrain from providing new remedies when alternative processes exist). Schulze has alternative remedies available to him to redress his due process rights, such as the BOP administrative grievance process. Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Id.* (discussing the Prison Litigation Reform Act of 1995, and stating, "the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment.").

These factors counsel against extending a *Bivens* claim for damages to Schulze's Fifth Amendment claim.

Further, to state a colorable due process claim, Schulze must allege the existence of a liberty or property interest for which protection is sought. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). First, courts must consider whether the practice in question "is within the normal limits or range of custody which the conviction has authorized." *Wolff*, 418 U.S. at 557-58. Schulze was convicted on September 2, 2003, and sentenced to 360 months imprisonment.[6] *See United States v. Schulze*, Cr. No. 02-00090 DAE-LEK (D. Haw. 2003). The court reduced his sentence on March 9, 2015 to 292 months. *See id.*, Am. Order, ECF No. 495. Schulze's term of sentence has not expired or been extended by his transfer to FDC-Honolulu.

Schulze argues that he is unable to earn good time credits at FDC-Honolulu, thus, possibly resulting in a longer incarceration than if he was in another facility. He has no constitutional right to be conditionally released before the expiration of a valid sentence, however. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)

---

[6]Schulze has been in custody since April 2002. *See* Pl. Decl., ECF No. 1-1 at #3.

(holding there is no federal constitutional right to parole).  Where there is no liberty interest in parole eligibility or parole, there is no due process violation. Similarly, prisoners have no protected liberty interest in remaining in the general prison population, *see Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); staying at a particular institution, *see Meachum v. Fano*, 427 U.S. 215, 225-27; remaining in a prison in a particular state, *see Olim v. Wakinekona*, 461 U.S. 238, 245-47 (1983), or in a particular custody classification status, *Neal v. Shimoda*, 131 F.3d 818, 828 (9th Cir. 1997).

Nor do Schulze's claims that FDC-Honolulu has no "open house" hours when inmates can mingle, no communal dining area, no hobby or craft programs, restricted visitation hours, and weekly rather than bi-weekly laundry service rise to the level of "atypical and significant hardship to the inmate in relation to the ordinary incidents of prison life," to support a liberty interest.  *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Moreover, the BOP has sole discretion to designate and transfer federal prisoners.  *See* 18 U.S.C. § 3621(b); *Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'"); *United States v. Grant*, 664 F.3d 276, 281 (9th Cir. 2011) ("A sentencing court can

only recommend, and not require, that a prisoner be placed in a particular facility[.]").

Thus, even if Schulze's Fifth Amendment claim is redressible under *Bivens*, he fails to state a claim. Schulze's Fifth Amendment claim is DISMISSED with leave granted to amend.

### 2. *Eighth Amendment Claim*

In *Carlson*, the Supreme Court extended *Bivens* to a claim arising under the Eighth Amendment, based on prison officials' failure to provide an inmate adequate medical treatment. 446 U.S. at 14. Deliberate indifference to a serious medical need, however, is a markedly different claim than Schulze's conditions of confinement claims alleging that he is being denied direct, outdoor exercise and other amenities at FDC-Honolulu.

In a recent conditions of confinement case, the Ninth Circuit declined to extend *Bivens* remedies to claims of unsanitary cell conditions and the denial of the plaintiff's request to be placed in a camp facility because they did "not fall within claims authorized by the Supreme Court." *Schwarz v. Meinberg*, 761 F. App'x 732, 733-34 (9th Cir. 2019). The court found that the conditions of confinement claim at issue (regarding a non-functioning toilet) "resemble[d] the conditions of

11

confinement claim the Supreme Court rejected in *Abbasi*."[7]  *Id.* at 734 (citing *Abbasi*, 137 S. Ct. at 1862).  The court also concluded that the inmate had alternative means for relief against the private employees of a non-profit residential reentry center through administrative proceedings under BOP regulations, as well as through Washington state law.  *Id.* at 734-35.

Schulze's Eighth Amendment denial of outdoor exercise claims arise in a wholly different context from those of *Carlson*, and the Court must do a special factors analysis.  And, for the same reasons that counsel hesitation in the Fifth Amendment context discussed above, the Court finds that Schulze has alternative remedies available to him and declines to find an implied *Bivens* cause of action arising out of Schulze's Eighth Amendment claim in these circumstances.

That is not to say that Schulze cannot state a potential claim under the Eighth Amendment regarding the alleged complete denial of outdoor exercise at FDC-Honolulu.  To do so, he must meet two requirements, one objective and one subjective.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Objectively, he must show that a prison official's acts or omissions deprived him of "'the minimal civilized measure of life's necessities.'"  *Id.* (quoting *Rhodes v. Chapman*, 452

---

[7]*Abbasi* held that a *Bivens* remedy was unavailable for claims challenging the conditions of confinement imposed on immigration detainees.  *Abbasi*, 137 S. Ct. at 1860-63.

U.S. 337, 347 (1981)). Subjectively, he must show that the defendant's state of mind was deliberately indifferent. *Id.*

Schulze does not allege that he is being denied *all* exercise, or even regular exercise. He alleges only that he is being denied access to outdoor exercise and sunshine. The Ninth Circuit has "confirmed . . . that the Constitution requires jail officials to provide outdoor recreation opportunities, or otherwise meaningful recreation, to prison inmates." *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018) (citing *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1208 (9th Cir. 2008) (concluding that inmates placed in segregation because of "violent tendencies" are nonetheless constitutionally entitled to at least two hours per week of exercise); *see also Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995) (holding deprivation of outdoor exercise may constitute cruel and unusual punishment),

Schulze does not describe the FDC-Honolulu exercise area, however, to show that it fails to provide *any* outdoor access, or "otherwise meaningful recreation." *Shorter*, 895 F.3d at 1185. He also fails to allege facts showing that any individual BOP official knowingly acted with subjective, deliberate indifference to his health or safety when they transferred him to FDC-Honolulu.[8]

---

[8]This may be inferred from Schulze's suggestion that he will remain at FDC-Honolulu until his release in several years, because, although a temporary denial of outdoor exercise is not considered an objectively substantial deprivation unless accompanied by adverse medical effects, *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997), an extended denial of outdoor

That is, even if Schulze's Eighth Amendment claim could be raised under *Bivens*, which is unlikely, he alleges insufficient facts to state a violation of his rights under the Eighth Amendment. Schulze's Eighth Amendment claim is DISMISSED with leave granted to amend.

## IV.  **LEAVE TO AMEND**

Schulze's Complaint is DISMISSED with leave granted to amend. He may file an amended complaint on or before July 1, 2020 that attempts to cure the identified deficiencies in his claims. In doing so, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.4, which requires an amended complaint to be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and must be submitted on the court's prisoner civil rights complaint form. An amended complaint will supersede all preceding complaints. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR10.4. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012). If

---

exercise can constitute a substantial deprivation even without medical ill effects. *Lopez v. Smith*, 203 F.3d 1122, 1133 & n. 15 (9th Cir. 2000) (en banc).

Schulze fails to timely file an amended complaint that cures the deficiencies in his claims, this action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[9]

## V. CONCLUSION

(1) Schulze's Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

(2) Schulze may file an amended pleading that cures the deficiencies in claims dismissed without prejudice on or before July 1, 2020.

IN THE ALTERNATIVE, Schulze may notify the court in writing on or before July 1, 2020 that he will voluntarily dismiss this action. In that event, the court will dismiss this action without prejudice.

(3) The Clerk is directed to send Schulze a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended complaint.

---

[9] 28 U.S.C. § 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(4)  If Schulze fails to timely cure his pleadings' deficiencies on or before July 1, 2020, this action may be AUTOMATICALLY DISMISSED and he may incur a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: June 1, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Michael F. Schulze v. Federal Bureau of Prisons*; Civil No. 20-00188 DKW-WRP
**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

*Schulze v. Bureau of Prisons*, 1:20-cv-00188 DKW-WRP; scrng '20 (no Bivens expansion 5th & 8th Amd re: outdoor exercise)